UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTRONE L. CROCKETT,         )
                             )
         Petitioner,         )
                             )
     v.                      )    CAUSE NO. 3:16-CV-005 WL
                             )
SUPERINTENDENT,              )
                             )
         Respondent.         )

# OPINION AND ORDER

Antrone L. Crockett, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge his conviction and 40 year sentence by the St. Joseph Superior Court under cause number 71D08-0403-MR-7 on July 6, 2005. However, habeas corpus petitions are subject to a strict one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Question 16 on the habeas corpus form included the entire text of 28 U.S.C. § 2244(d) and asked Crockett to explain why the petition was timely. His response was, "After the Ind. Appeals Court denied Petitioner's Appeal, Petitioner files a timely filing to the Ind. Supreme Court for Petition to Transfer on May 14, 2015. Ind. Supreme Court denied Petitioner's Transfer on July 2, 2015. Therefore Petitioner files his Writ of Habeas Corpus within the one (1) year limitation guidelines under its provision, one (1) year from Supreme Court final order. Petitioner further states that his reason for filing a Habeas Corpus under this cause is that the State is in direct violation of Petitioner's Constitutional Rights." DE 1 at 5. Neither that response, nor anything else in the petition indicates that this habeas corpus petition is based on a newly recognized Constitutional right or newly discovered evidence. Therefore neither § 2244(d)(1)(C) or (D) determine when the 1-year period of limitation began to run.

Crockett mentions that after his post-conviction relief petition was denied on May 6, 2010, he was unable to appeal because "prison confiscated transcripts." DE 1 at 4. This could be construed as an argument that he was impeded from filing a habeas corpus petition and that the court should apply § 2244(d)(1)(B). "Although neither § 2244 nor this circuit has defined what constitutes an impediment for purposes of § 2244(d)(1)(B), the plain language of the statute makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (quotation marks omitted). In *Lloyd*, the Seventh Circuit explained that the inability to obtain trial transcripts from the State court did not prevent him from filing a habeas corpus petition. *Id.* ("Because Mr. Lloyd was able to file his petition without a complete copy of his trial transcript, the state's failure to provide a complete transcript did not prevent Mr. Lloyd from pursuing any of his claims, and § 2244(d)(1)(B) does not apply to this

2

case."). The analysis used in *Lloyd* makes clear that Crockett's lack of a transcript is not a basis for using § 2244(d)(1)(B) to calculate the 1 year period of limitation.

Thus, pursuant to § 2244(d)(1)(A), the period began when the judgment became final upon the expiration of the time for seeking direct review. In this case, that was when the deadline for filing a petition to transfer to the Indiana Supreme Court expired. The Court of Appeals of Indiana denied his direct appeal on August 11, 2006. DE 1 at 1. Thus, the deadline for filing a petition to transfer ended on September 11, 2006. *See* Indiana Rules of Appellate Procedure 57.C. which provides that a notice of appeal must be filed within 30 days. *See also* Indiana Rules of Appellate Procedure 25.B. which provides that when the last day is a non-business day, the deadline expires the next business day. The deadline for filing a habeas corpus petition then expired one year later on September 11, 2007. Crockett filed a post-conviction relief petition on June 23, 2009. DE 1 at 2. However, by then the time for filing a habeas corpus petition had already expired and it was too late to toll the 1-year period of limitation. Though he filed a motion to correct error in 2014, that did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). Thus, by the time Crockett signed the habeas corpus petition filed in this case on January 4, 2016, it was more than eight years late. Because it was untimely, it must be dismissed.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.*

3

at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* As previously explained, this petition is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons, the court **DISMISSES** this habeas corpus petition because it is untimely and **DENIES** a certificate of appealability.

SO ORDERED.

ENTERED: January 21, 2016

    s/William C. Lee
William C. Lee, Judge
United States District Court